UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

PHINEHAS WEEKES,

    Plaintiff,

v.

LARRY SHUTS, *et al.*,

    Defendants.

Civil Action No. 6:11-00348-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Plaintiff Phinehas Weekes, confined in the United States Penitentiary-Lewisburg, in Lewisburg, Pennsylvania, has filed a *pro se* Complaint under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [D. E. No. 1].

Weekes alleges that in January 2010, while confined in the United States Penitentiary-McCreary ("USP-McCreary"), in Pine Knot, Kentucky, officials there violated his Eighth Amendment right to be free from cruel and unusual punishment by applying excessive force against him.[1]

---

[1] Weekes is suing the following individuals, all of whom he alleges were USP-McCreary officials at the relevant time, in both their individual and official capacities: (1) Captain Larry Shults; (2) Lieutenant J. P. Blair; (3) Officer Bryant Slagle; (4) Officer Joseph Crawford; (5) Officer Ervin Foster; (6) Ethan Warren; (7) Officer John Brown; (8) Officer Keith Good; (9) Officer Lucas Casada; (10) Mike Dixon, Officer or Lieutenant, being sued as "Mike" or "Mark" Dixon; (11) Officer E. Hudson; and (12) Officer "D." Reagan.

As Weekes has been granted *in forma pauperis* status and is asserting claims against government officials, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Both of these sections require dismissal of any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

As explained below, Weekes' Eighth Amendment claims will be dismissed with prejudice because they are barred by the applicable statute of limitations.

## ALLEGATIONS OF THE COMPLAINT

The following is a summary of Weekes' factual allegations. On January 27, 2010, Weekes entered Officer Bryant Slagle's office in Unit 5B of USP-McCreary and asked him to sign a form requesting a bed sheet for his (Weekes') cell. After "pleading back and forth with the officer [Slagle] to sign the request form," Slagle became irritated, threw the request form in the trash, pushed Weekes against a wall, and used Weekes' shirt to strangle him.

Weekes stated he and Slagle scuffled, went to the floor, and that he (Weekes) used "reasonable force to restrain and break free from [Slagle's] threatening actions" and "held [Slagle] restrained to the floor" until the first back up officer arrived. [D. E. No. 1, p. 2]. When Officer Joseph Crawford and other back-up officers arrived,

Weekes remained lying face-down on the floor and did not resist the officers, but an unidentified officer forcefully struck him in the left knee joint, causing him to suffer extreme pain. [*Id.*, p. 4].

Weekes further alleges that Lieutenant J. P. Blair used excessive force when he lifted him (Weekes) from the floor and that unidentified defendants placed hand and leg restraints on him, causing him to experience even more physical pain. After being left in the restraints for an extended time-period, Weekes asked the second shift officers to remove the hand-cuffs because they were causing him pain, but the officer refused to do so, stating ". . . thats [sic] what you get for assaulting staff." [*Id.*]. Weekes stated that he was left to sleep in the strip cage and that while there, the hand and leg restraints caused him pain that was so severe it woke him from his sleep.

Weekes contends that he did not resist the back-up officers, but that they unnecessarily applied excessive force to him while he was on the floor, when they pulled him from the floor, and when they kept him in hand and leg restraints for a prolonged period, all of which caused him physical injury, pain, and suffering. Weekes filed no administrative grievances concerning his excessive force claims, stating that two days after the alleged incident, he was transferred to the United States

Penitentiary-Hazleton ("USP-Hazleton"), in Hazleton, West Virginia.[2] [D. E. No. 1, p. 7, § IV(A)(5)]. He states that he was later transferred to a county jail for eight months ". . . through the process of going to trial." [*Id*].

Weekes seeks unspecified compensatory and punitive damages to compensate him for his alleged pain and suffering. He also seeks court costs and attorneys fees, although he is proceeding *pro se*.

## DISCUSSION

Weekes' Eighth Amendment excessive force claims against all the defendants are time-barred. His claims arose in Kentucky, in which a civil rights action must be filed one year from the date on which the cause of action accrued. Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). A claim accrues on the date on which the plaintiff first knew of, or had reason to know of, the existence of his claim. *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th Cir. 2007); *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

Under the facts Weekes has alleged, he knew or had reason to know of all of his excessive force claims on January 27, 2010, so his claims arose on that date, but

---

[2] Weekes states that his transfer to USP-Hazleton was "under investigation for assault on a staff." [*Id*., p. 7]. It is unclear whether Weekes is referring to the January 27, 2010, incident at USP-McCreary, or another assault concerning a USP-Hazleton staff member.

he did not file this action until December 28, 2011, almost two years after the alleged events. Therefore, Weekes' Eighth Amendment excessive force claims are barred by Kentucky's one-year statute of limitations and must be dismissed with prejudice.

Further, Weekes admitted that he did not administratively exhaust his claims. Title 42 U.S.C. § 1997e(a), the Prison Litigation Reform Act, ("PLRA") requires state and federal prisoners to exhaust all available administrative remedies before filing suit challenging any aspect of their prison conditions. The four-tiered administrative remedy scheme available to Bureau of Prisons ("BOP") inmates complaining about any aspect of their confinement is set out in the BOP's Administrative Remedy Program, 28 C.F.R. §§ 542.10-542.19.[3]

Typically, the statute of limitations period is tolled while a prisoner administratively exhausts prison condition claims pursuant to the PLRA. *See Waters*

---

[3]

The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F.R. §542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*

v. *Evans*, 105 F. App'x 827, 829 (6th Cir. 2004); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). The one-year statute of limitations in this case can not be tolled, however, because Weekes admitted that he did not administratively exhaust his claims, stating that he was transferred to another BOP facility two days after the alleged events of January 27, 2010.

A prisoner's subsequent transfer to another prison facility does not relieve him of his obligation to administratively exhaust his claims at the facility where the claims arose. *See, e.g., Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) (finding that prisoner's subsequent transfer to another facility did not excuse him from exhausting his administrative remedies); *Wiley v. Boone County Sheriff's Office*, No. 09-CV-98-WOB, 2009 WL 2390164, at *3 (E.D. Ky. August 04, 2009) (same); *Prickett v. Lawson*, No. 6:07-CV-041, 2008 WL 5046063, at *3 (S.D. Ga. Nov. 24, 2008) (same); *Sims v. Blot*, No. 00 CIV.2524(LAP), 2003 WL 21738766, at *4 (S.D.N.Y. July 25, 2003) (same); *Thomas v. Henry*, No. 02 CIV.2584(SJR), 2002 WL 922388, at *2 (S.D.N.Y. May 7, 2002) (finding that prisoner's transfer from a city jail to a state prison did not relieve him of his duty to pursue the grievance procedures).

Weekes' transfer two days after the alleged events of January 27, 2010, did not excuse his admitted failure to exhaust his claims. He was transferred to another BOP prison (USP-Hazleton) where he could have easily obtained, completed, and mailed

the necessary BP-9 administrative remedy request to the Warden of USP-McCreary, and then if dissatisfied with the Warden's response, submitted BP-10 and BP-11 appeals to the BOP Mid-Atlantic Regional Office and the BOP Central Office, respectively, in the time frames set forth in 28 C.F.R. § 542.15 and § 542.18.

Weekes' Eighth Amendment excessive force claims are therefore barred by Kentucky's one-year statute of limitations, which was not tolled, and will be dismissed with prejudice.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1) Plaintiff Phinehas Weekes' Complaint asserting Eighth Amendment excessive force claims, [D. E. No. 1], is **DISMISSED WITH PREJUDICE**;

(2) This action is **STRICKEN** from the docket of the Court; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 31st day of January, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge